JUSTICE GRAY
dissenting.
I respectfully dissent from the opinion of the majority.
The majority, having begun with the general rule that the trustor’s intent controls in the construction and interpretation of trust agreements, departs from this rule in performing its analysis. I cannot agree.
Here, the trustor established three separate and independent requirements necessary to effectuate a revocation: (1) a writing; (2) delivered to the co-trustees; and (3) acknowledged in the same manner of conveyance as real property and title to be recorded in the State of Montana. It is clear that a writing was made and that the attempted revocation of trust was recorded; thus, the first and third requirements set forth by the trustor to revoke the trust were met.
The majority concludes that the recordation equals delivery, thus merging two separate requirements into one; on this basis, the majority concludes that the second requirement also was met. Because the trustor’s intent to establish three separate requirements for an effective revocation is clear and one of those requirements was not met, the majority has departed from the “trustor’s intent” rule. It also has departed from the applicable Montana statute that a power of revocation must be strictly pursued. Section 72-23-502, MCA (since repealed, but specifically made controlling over trust instruments executed prior to October 1, 1989).
Furthermore, the majority’s reliance on Hackley and Carnahan to reach its result is flawed. As quoted by the majority, Hackley, 234 N.W. at 137, states that “[d]elivery is not essential to complete a revocation unless made so by the parties in the trust agreement.” (Emphasis added.) Here, delivery was specifically required in the *505 trust agreement. Moreover, it was a stand-alone requirement unrelated to the separate recordation requirement.
It is also my view that Carnahan is inapposite here. The issue in Carnahan was whether certain actions concerning a grant deed constituted delivery under a statute specifically relating to constructive delivery of a deed. It did not interpret a trust agreement, any statute relating to trust agreements, or the general rules regarding trustor’s intent and strict construction of efforts at trust revocation. Therefore, it is inapplicable to the case before us.
I would reverse the District Court and hold that, the trustor’s stated intent not having been met, the attempted revocation was not effective.